The document below is hereby signed.

Signed: April 6, 2018



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PRINCE A MHOON, | ) | Case No. 18-00059 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
TO SET A NEW MEETING OF CREDITORS; AND FOR
THE DEBTOR TO SHOW CAUSE WHY, FOR PURPOSES OF THE DEADLINES
SET BY FED. R. BANKR. P. 4004(a), 4003(b)(1), AND 4007(c):
(1) THE DATE SET FOR THE NEW MEETING OF CREDITORS OUGHT NOT
BE TREATED AS THE FIRST DATE SET FOR THE MEETING OF CREDITORS;
AND (2) A MEETING OF CREDITORS OUGHT NOT BE DEEMED TO HAVE
BEEN CONCLUDED UNTIL THE NEW MEETING OF CREDITORS IS CONCLUDED

The Clerk failed to issue a notice setting the meeting of creditors under 11 U.S.C. § 341. An automatically generated and unnumbered docket entry of January 23, 2018 (a docket entry not docketed by any member of the Clerk's office), indicated that "341(a) meeting to be held on 3/1/2018 at 09:30 AM," but the Clerk failed to take any act consistent with that docket entry: no member of the Clerk's office ever acted to set a meeting of creditors under 11 U.S.C. § 341(a) to be held on March 1, 2018. The Clerk never issued a notice of the commencement of the case and of a meeting of creditors.

Under Fed. R. Bankr. P. 2002(a)(1), the Clerk was required to give 21 days' notice of the meeting of creditors and under Fed. R. Bankr. P. 2002(f)(1) was required to give notice of the "order for relief" (meaning the voluntary petition commencing the case under 11 U.S.C. § 301(a) that constituted an order for relief under 11 U.S.C. § 301(b)). Under Fed. R. Bankr. P. 2002(f), 4004(a) and 4007(c), the Clerk was required to give at least 28 days' notice of the deadline for filing a complaint objecting to discharge or seeking a determination of dischargeability of certain debts (the deadline, set by Fed. R. Bankr. P. 4004(a) and 4007(c), being 60 days after the first date set for the meeting of creditors under § 341(a)).

The debtor took no steps to have the Clerk issue the required notices, and the trustee held a meeting of creditors, at which the debtor was examined, on March 1, 2018, without creditors having been notified by the Clerk that a meeting of creditors was to be held. The debtor ought not be allowed to benefit from an error of the Clerk's office that prejudiced creditors and that the debtor could have had the Clerk's office correct.

In the circumstances, I will require the debtor to appear for a new meeting of creditors. Listed creditors were entitled to receive notice so that they could participate in the meeting of creditors. This is not an instance of the debtor having

failed to list a creditor who therefore was not given notice of the commencement of the case and of a meeting of creditors, a matter potentially addressed by 11 U.S.C. § 523(a)(3) and, if the failure to list the creditor was intentional, by 11 U.S.C. § 727(a)(4)(A) and § 727(d)(1).  Instead, this is a case in which the Clerk gave *no* creditors notice of the commencement of the case and of a meeting of creditors.

    Even if the meeting of creditors held on March 1, 2018, can be treated as an effective meeting of creditors, it arguably ought not be treated as a concluded meeting of creditors when the creditor body is entitled to notice of the meeting of creditors and an opportunity to participate in the meeting of creditors. For purposes of Fed. R. Bankr. P. 4003(b)(1), setting forth a deadline for objecting to exemptions of 30 days after the conclusion of the meeting of creditors, the meeting of creditors arguably ought not be deemed concluded until the new meeting of creditors is concluded.

    Without the Clerk having issued to the listed creditors a notice of the meeting of creditors, the Clerk arguably cannot be said to have set a date for the meeting of creditors.  In any event, if the unnumbered docket entry of January 23, 2018, could be viewed as having set a meeting of creditors, it is arguably appropriate to declare that the docket entry shall be deemed not to have set forth the first date set for the meeting of

creditors, and that the new meeting of creditors shall be treated for purposes of Fed. R. Bankr. P. 4004(a) and 4007(c) as the first date set for the meeting of creditors.  *See American Express Centurion Bank v. Schoofs (In re Schoofs)*, 115 B.R. 1 (Bankr. D.D.C. 1990).  It is thus

    ORDERED that the Clerk shall issue a notice of a new meeting of creditors.  It is further

    ORDERED that within 21 days after issuance of this order, the debtor shall show cause, if any the debtor has, why the court ought not:

        (1) treat the new meeting of creditors as the first date set for the meeting of creditors for purposes of Fed. R. Bankr. P. 4004(a) and 4007(c); and

        (2) treat the meeting of creditors as not concluded, for purposes of Fed. R. Bankr. P. 4003(b)(1), until the new meeting of creditors is concluded.

It is further

    ORDERED that the Clerk shall delay issuing the debtor a discharge until the court has disposed of the order to show cause in the preceding paragraph.  It is further

    ORDERED that creditors are given notice that if, pursuant to the foregoing order to show cause, the court does *not* treat the new meeting of creditors as the first date set for the meeting of creditors for purposes of Fed. R. Bankr. P. 4004(a) and 4007(c),

and treats March 1, 2018, as the first date set for the meeting of creditors, the deadline under Fed. R. Bankr. P. 4004(a) and 4007(c) to file a complaint objecting to discharge or seeking a determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(2), (4), or (6) will be **April 30, 2018,** unless extended pursuant to the granting of a motion filed on or before April 30, 2018.

[Signed and dated above.]

Copies to: Recipients of e-notice of orders; all entities on BNC mailing list.